Filed 12/12/25  P. v. Deanda CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>FRANKIE ANTHONY DEANDA,<br><br>    Defendant and Appellant. | B342807<br><br>(Los Angeles County<br>Super. Ct. No. KA097140) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jacqueline H. Lewis, Judge.  Affirmed and remanded with directions.

Jonathan E. Demson and Cheryl Lutz, under appointments by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Lauren N. Guber, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Frankie Anthony Deanda appeals from an order of the superior court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2] We affirm and remand with directions.

## BACKGROUND

In March 2013, appellant pleaded no contest to one count of attempted murder (§§ 664/187, subd. (a)), while admitting that he personally discharged a firearm (§ 12022.53. subd. (c)). He was sentenced to 25 years in state prison, consisting of five years for the attempted murder conviction and 20 years for the firearm enhancement. As part of the plea agreement, five counts were dismissed, including three counts of attempted murder.

The preliminary hearing, conducted in June 2012, included the following evidence relevant to appellant's conviction: Appellant, who was a known member of the East Side Bolen Parque Street gang, approached Leo Rodriguez and three of his friends as they stood in front of Rodriguez's house in Baldwin Park in the early morning of February 19, 2012. Appellant said, " 'Where you from?' " and immediately started shooting at the group. Rodriguez was struck in the forearm and shoulder. Appellant fired numerous shots and then ran from the scene. Eleven shell casings were later recovered by police.

Appellant filed his operative petition for resentencing under section 1172.6 in March 2024. The petition was on a preprinted form; appellant checked all boxes indicating that he was eligible for relief under section 1172.6 and requested counsel. The trial court ordered that appellant be appointed counsel and set a review hearing. The

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For the sake of simplicity, we refer to the section by its new numbering.

People opposed the petition, arguing that appellant was ineligible for relief as the sole perpetrator who acted with the intent to kill. Appellant, through counsel, filed a reply contending that, by filing the preprinted form, he made a prima facie showing of an entitlement to relief and that the trial court was required to set an evidentiary hearing. The reply argued that the trial court could not properly consider the preliminary hearing transcript in determining whether a prima facie showing was made, and that nothing in the record of conviction otherwise disqualified appellant from relief.

The prima facie review hearing was held in December 2024. Defense counsel again argued against consideration of the preliminary hearing transcript. The trial court disagreed, finding that consideration of the preliminary hearing transcript was appropriate. The court concluded that the contents of the preliminary hearing, combined with trial counsel's later stipulation to a factual basis for the plea based on the preliminary hearing, demonstrated that appellant could not make a prima facie showing of an entitlement to relief. The transcript showed that appellant was a lone actor and he later admitted to personally and intentionally discharging a firearm, which, according to the trial court, dispelled any contention that the prosecution proceeded under a theory of natural and probable consequences, aiding and abetting, or implied malice. The court accordingly denied the petition for resentencing.

Appellant filed a timely notice of appeal.

## DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) eliminated the natural and probable consequences doctrine as a basis for murder liability and limited the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) SB 1437 also amended section 188 to require that, when the felony-murder rule does not apply, a principal in the crime of murder "shall act with malice aforethought" and "[m]alice shall not be imputed to a person based solely on his or her

3

participation in a crime." (§ 188, subd. (a)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843, superseded by statute on another ground as stated in *People v. Oyler* (2025) 17 Cal.5th 756, 836.)

SB 1437 authorizes the filing of a petition " 'to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " *(Lewis, supra,* 11 Cal.5th at p. 967.) Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) amended section 1172.6 to expand its coverage to individuals convicted of attempted murder under the natural and probable consequences doctrine and manslaughter. (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 544.)

Upon receiving a properly pleaded petition for resentencing under section 1172.6, the trial court is to appoint counsel to the petitioner, if requested. (*Lewis, supra*, 11 Cal.5th at p. 966.) The court then conducts a prima facie review to determine eligibility for relief and issues an order to show cause and sets an evidentiary hearing if a prima facie showing is made. (*Id.* at p. 971.) The court may consider the record of conviction to determine whether the petitioner made the requisite prima facie showing. (*Id.* at pp. 971–972.) When, as here, the petitioner's conviction resulted from a guilty plea, "the record of conviction includes the facts 'the defendant admitted as the factual basis for a guilty plea.' " (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211–1212.)

In this matter, appellant argued that, by filing the form petition, he made a sufficient prima facie showing of an entitlement to relief under section 1172.6. Appellant claimed that the record of conviction did not disqualify him at the prima facie inquiry stage because the reviewable record could not properly include the preliminary hearing transcript. Appellant made no argument that he was entitled to an order to show cause and evidentiary hearing if the preliminary hearing transcript was considered. The trial court denied appellant's petition

4

at the prima facie stage based in part on its consideration of the preliminary hearing transcript.

Subsequent to the trial court's order, and while this appeal was pending, the Supreme Court, in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*), held that a trial court may rely on facts within a preliminary hearing transcript to refute conclusory statements made in a form section 1172.6 petition. (*Id.* at p. 564.) The issue appellant raised in connection with his petition below, therefore, has now been determined adversely to him, and appellant raises no alternative grounds for reversal in his opening brief here.

Appellant, however, does request that the matter be remanded to the trial court with directions to consider an amended resentencing petition should he, within 30 days of remand, seek to file one. Appellant bases this request directly on language in *Patton*, in which the Supreme Court, while affirming the judgment, ordered the matter remanded to the trial court to allow for the possible filing of an amended section 1172.6 petition. (*Patton, supra,* 17 Cal.5th at pp. 569–570 [directing remand "to the superior court with directions for that court to consider an amended petition should [appellant], within 30 days of that remand, seek to file one"].)

A case decided subsequent to *Patton*, *People v. Glass* (2025) 110 Cal.App.5th 922, 930–931 (*Glass*), followed *Patton* in remanding a matter arising from the denial of a section 1172.6 petition to allow the defendant to file an amended petition if he so elected. Even though the record of conviction on appeal indicated that the defendant was ineligible for relief under section 1172.6, and although the defendant did not proffer facts in his trial court reply to support his contention that his convictions were based on a natural and probable consequences theory, " 'out of an abundance of caution,' " the court remanded the matter to allow the appellant, "within 30 days of remand, to plead 'additional facts' in support of his 'amended petition.' " (*Id.* at pp. 925, 930, citing *Patton, supra,* 17 Cal.5th at pp. 569–570.)

The People in this matter assert that we should depart from the Supreme Court authority expressed in *Patton*, and followed by *Glass*, and affirm the subject order without remand. We decline to do so. The procedural posture presented in this matter is functionally indistinguishable from that in *Patton* and *Glass*. The People argue that this matter is different because *Patton* was issued prior to the time that appellant's opening brief was due to be filed. This is a distinction without a difference as it applies to appellant's filing of the section 1172.6 petition.

At the time appellant filed his petition and reply in the trial court, the issue of whether the court could properly consider the preliminary hearing transcript had not yet been decided by the Supreme Court. Accordingly, appellant (through counsel) relied on the argument that the transcript should not be considered. Just as in *Glass*, this argument only became necessarily unviable after the matter was on appeal. The reason for the remand in both *Patton* and *Glass* was to allow the defendant to attempt to show eligibility in the trial court for relief under section 1172.6 even with consideration of the preliminary hearing transcript. Appellant here is no differently situated. To make a prima facie showing, he will need to plead additional facts in the trial court demonstrating that he is potentially eligible for relief when the complete record of conviction (including the preliminary hearing transcript) is considered. (See *Patton, supra,* 17 Cal.5th at pp. 569–570; *Glass, supra,* 110 Cal.App.5th at 930–931.)

The People further assert that remand is unnecessary because they contend that appellant is ineligible for section 1172.6 relief based on his plea hearing admissions. Again, substantively identical situations were presented in both *Patton* and *Glass*, where the defendants had admitted personal use of firearm allegations during their plea hearings. (See *Patton, supra,* 17 Cal.5th at p. 557; *Glass, supra,* 110 Cal.App.5th at p. 925.) Even though the "record of conviction currently indicates" that appellant "is ineligible for relief

6

under section 1172.6," "out of an abundance of caution" (*Glass*, at p. 925; see also *Patton*, at pp. 569–570) we follow *Patton* and *Glass* in remanding the matter to the trial court.

Finally, the People argue that this appeal is properly dismissed because appellant does not claim error by the trial court but simply requests remand. We likewise reject this argument. The change in the law represented by *Patton* did not present the defendants in either *Patton* or *Glass* with a viable argument based on the record on appeal. Nevertheless, both courts elected to remand the matter to give the defendant the chance to proffer a record to make a prima facie case in light of the new law. (*Patton, supra,* 17 Cal.5th at pp. 569–570; *Glass, supra,* 110 Cal.App.5th at pp. 930–931.) Appellant, in his reply brief here, makes various claims regarding how, even after *Patton*, he may be entitled to relief under section 1172.6. We do not examine these claims because they have not yet been presented to the trial court. Nevertheless, we follow *Patton* and *Glass* in concluding that appellant is entitled to file an amended petition pleading additional facts supporting relief if he should seek to do so.

## DISPOSITION

The matter is remanded to the superior court with directions to consider an amended petition should defendant seek to file one within 30 days of the issuance of the remittitur.  (*People v. Patton* (2025) 17 Cal.5th 549, 570.)  The trial court's order is otherwise affirmed.

NOT TO BE PUBLISHED.


                                              LUI, P. J.

We concur:



CHAVEZ, J.



SIGGINS, J.*

---

**\*** Retired Presiding Justice of the Court of Appeal, First Appellate District, Division Three, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.